NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
30400
28-MAR-2011
09:05 AM**

NO. 30400

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JEFFREY LAMAR TUNLEY, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CRIMINAL NO. 09-1-2151)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Defendant-Appellant Jeffrey Lamar Tunley ("Tunley")
appeals from the Judgment of Conviction and Sentence ("Judgment")
filed on February 25, 2010, in the Family Court of the First
Circuit ("Family Court").[1]  Tunley was found guilty of Criminal
Contempt of Court in violation of Hawaii Revised Statutes ("HRS")
§ 707-1077 (1993), and was sentenced to imprisonment for a term
of twenty days, with ten days ordered, and ten days suspended for
one year.

On appeal, Tunley contends (1) the Family Court erred
by failing to set forth the particular circumstances of the
offense in the Judgment as required by HRS § 707-1077(5), (2)
there was insufficient evidence to find him guilty of violating a

---

[1]     The Honorable Wilson M.N. Loo presided.

restraining order by approaching the complaining witness, (3) the Family Court erred by admitting the distance measured by Officer Scott's strollometer into evidence without foundation for accuracy, (4) if the strollometer reading was properly admitted, there was insufficient evidence to support Tunley's conviction absent a showing that the margin of error was negligible, (5) there was insufficient evidence to establish that Tunley contacted the complaining witness in violation of the temporary restraining order, (6) the Family Court erred by sentencing Tunley to twenty days imprisonment for a de minimis infraction, and (7) the Family Court erred in denying Tunley the right to allocation before he was sentenced.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Tunley's appeal as follows:

The Family Court erred by failing to state the particular circumstances of the offense in the Judgment as required by HRS § 707-1077(5). Pursuant to HRS § 707-1077(5), the trial court must include the factual specifications in the judgment. *State v. Lloyd*, 88 Hawai'i 188, 189, 964 P.2d 642, 643 (1998).

The Family Court further erred by failing to make any direct inquiry of Tunley's wish to address the court before imposing sentence. "The remedy for denial of a defendant's right to pre-sentence allocution is a remand for resentencing before a new sentencing judge." *State v. Schaefer*, 117 Hawai'i 490, 498, 184 P.3d 805, 813 (App. 2008).

2

We need not address Tunley's other points of error until after the Family Court corrects the Judgment. *See, Lloyd, supra,* 88 Hawai'i at 190, 964 P.2d at 644.

Therefore,

IT IS HEREBY ORDERED THAT the Judgment, filed on February 25, 2010 in the Family Court of the First Circuit, is vacated and the case is remanded (1) to the Family Court with specific instructions to enter a judgment stating the particular circumstances of the offense committed by Tunley, and (2) to a new sentencing judge thereafter for resentencing. Thereafter, Tunley is free to appeal said judgment and sentence in accordance with the Hawai'i Rules of Appellate Procedure.

DATED: Honolulu, Hawai'i, March 28, 2011.

On the briefs:

James S. Tanabe,
Deputy Public Defender,
for Defendant-Appellant.

Anne K. Clarkin,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge